IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAYLA REED,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TOBY SMITH, SARAH JONES, KENT TURNBULL, STATE OF NEBRASKA, ANGELA FRANZ, THE CITY OF NORTH PLATTE, NE, and GOV. PETE RICKETTS,<br><br>　　　　　Defendants. | 8:21CV305<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff claims Defendants violated her rights under the United States and Nebraska Constitutions. She alleges:

> All of the defendants conspired against my right to life, liberty, and the pursuit of happiness. I was arrested for private property. They conspired to have my job taken away by not letting me go to work while in the detention center. Also, they conspired to take my children and search my home while making false reports to the State of Nebraska against me. The defendant Pete Ricketts is responsible for not protecting me from his paid wrongdoers.

(Filing 1 at 7.) Plaintiff seeks an award of damages.

## IIIL ANALYSIS

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff also claims the defendants violated her rights under the Nebraska Constitution. A right of action may exist under Neb. Rev. Stat. § 20-148 (permitting suit against persons for deprivation of constitutional rights), as to which the court could exercise diversity jurisdiction since Plaintiff claims to be a citizen of Illinois, although she has a Nebraska address. For purposes of initial review, however, the court will assume that Plaintiff's rights under the Nebraska Constitution are

coextensive with those under the United States Constitution, and not conduct a separate analysis.

In addition, Plaintiff cites 18 U.S.C. §§ 241 and 242. There is no private right of action under these criminal statutes. *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018) (citing cases).

"It is well settled that § 1983 does not impose *respondeat superior* liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff's claim against Governor Ricketts is based solely on a conclusory allegation that he is responsible for the actions of subordinates. Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted against this defendant. Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

Plaintiff sues the North Platte Police Department, but it is not a proper defendant. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

The court will give Plaintiff leave to file an amended complaint, in which the City of North Platte may be named as a defendant, but in order to state a claim against the City, it must be shown that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff also sues two North Platte police officers, Toby Smith and Sarah Jones. Because Plaintiff does not specify that these defendants are sued in their individual capacities, it must be presumed that they are sued only in their official capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's Complaint, however, does not set forth sufficient facts to state a plausible municipal-liability claim against the City of North Platte.

If Plaintiff wishes to bring individual-capacity claims against the officers, she should describe in detail what action was taken by each defendant to violate her constitutional rights. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v.*

4

*Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Here, Plaintiff appears to be asserting Fourth Amendment claims for false arrest and for an illegal search of her residence, and perhaps a Fourteenth Amendment due process claim for interference with her parental rights. However, Plaintiff's conclusory allegations fail to show that the officers violated her constitutional rights.

"The Fourth Amendment protects [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. Because arrests are 'seizures' of 'persons,' they must be reasonable under the circumstances." *D.C. v. Wesby*, 138 S. Ct. 577, 585-86 (2018) (internal quotation marks and citations omitted). "Police officers violate the Fourth Amendment when they conduct an arrest without a warrant or probable cause." *Waters v. Madson*, 921 F.3d 725, 736 (8th Cir. 2019). "The Fourth Amendment prohibits a warrantless entry of a home by law enforcement officers unless the circumstances are within a reasonableness exception to the warrant requirement." *U.S. v. Clarke*, 564 F.3d 949, 958-59 (8th Cir.2009). "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner …." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Plaintiff does not allege that the officers arrested her without a warrant or probable cause, that they searched her home without a warrant, or that the search was otherwise improper.

"The Due Process Clause provides that no State shall ... deprive any person of life, liberty, or property, without due process of law." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). "Parents have a recognized liberty interest in the care, custody, and management of their children." *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). To adequately plead a substantive due process claim, however, Plaintiff must allege facts showing that the defendants' actions were "shocking to the contemporary conscience." *Lopez v. Kelly*, No. 8:16CV98, 2016 WL 1555705, at *3 (D. Neb. Apr. 15, 2016) (claim against Child Protective Services employee). This is a high standard, as "[s]ubstantive due process is concerned with violations of personal rights ... so severe ... so disproportionate to the need presented, and ... so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience." *Id.* (quoting *C.N. v. Willmar*

5

*Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634 (8th Cir. 2010)). Plaintiff does not allege that the officers engaged in any conscience-shocking behavior.

Defendant Kent Turnbull is identified as a retired judge. No facts are alleged to show his involvement in violating Plaintiff's rights, but Plaintiff presumably is complaining about actions taken by Judge Turnbull in an official capacity.[1] County court judges in Nebraska are state officials. *Bartunek v. United States*, No. 8:18CV336, 2018 WL 5264274, at *3, n. 3 (D. Neb. Oct. 23, 2018); *see York v. Dunning*, No. 8:16-CV-175, 2016 WL 3983261, at *3 (D. Neb. July 25, 2016) (county court judges are not agents of the county; they are state employees); Neb. Rev. Stat. §§ 24-501 *et seq.* Thus, an official-capacity claim for damages cannot be brought against Judge Turnbull under § 1983, for the same reasons stated above with reference to Governor Ricketts.

Even when sued personally, a judge is immune from suit under section 1983 in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal quotation and citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal quotation and citations omitted). Here, there are no facts alleged to suggest that Judge Turnbull acted outside the scope of his duties as a member of the Nebraska judiciary. Indeed, Nebraska law provides that Judge Turnbull had jurisdiction "in any criminal matter classified as a misdemeanor or for any infraction." Neb. Rev. Stat. § 24-517(6) (Westlaw 2021).

Defendant Angela Franz is identified as a prosecutor. Again, it must be presumed that Plaintiff is attempting to assert a claim only against the governmental employer. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015)

---

[1] The court takes judicial notice that Judge Turnbull served as a county court judge until August 31, 2021. *See* https://supremecourt.nebraska.gov/judge-kent-turnbull-leave-county-court-end-august. Plaintiff's Complaint was filed on August 12, 2021.

(claims against county attorneys in their official capacities were actually claims against county that employed them). Plaintiff fails to allege facts indicating that county policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind her injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted.

Additionally, county attorneys in their individual capacities are entitled to absolute prosecutorial immunity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis,* 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003)). "[A]ctions connected with initiation of prosecution, even if those actions are patently improper" are immunized. *Id.* (quoting *Williams v. Hartje,* 827 F.2d 1203, 1208 (8th Cir. 1987)). Plaintiff does not allege that Ms. Franz was engaged in anything other than prosecutorial functions.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and therefore is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B). On the court's own motion, however, Plaintiff will be given leave to file an amended complaint within 30 days.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 22, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice

Dated this 21st day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge